# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ANTONIA ELLIOTT,            ) | |
| )  | |
| Plaintiff,            ) | |
| )  | Civil Action No. |
| vs.            ) | |
| )  | |
| BBH BMC, LLC, and            ) | |
| BROOKWOOD BAPTIST HEALTH 1, LLC,  ) | |
| )  | |
| Defendants. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from employment discrimination instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff timely filed her charge of discrimination against defendants with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatments. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff Antonia Elliott ("Plaintiff") is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant BBH BMC, LLC, ("BBH") is a limited liability company headquartered in Dallas, Texas. It is and was at all times relevant to this complaint an employer as contemplated under the ADA and FMLA.

5. Defendant Brookwood Baptist Health 1, LLC ("Brookwood") is a limited liability company headquartered in Dallas, Texas. It is and was at all times relevant to this complaint an employer as contemplated under the ADA and FMLA.

6. BBH and Brookwood are collectively referred to herein as "Defendants."

## III. STATEMENT OF FACTS

7. Plaintiff became employed at Brookwood Medical Center in Birmingham, Alabama in 1993.

8. During the events of this case, the Medical Center was owned and operated by BBH.

9. BBH is owned by Brookwood.

10. BBH and Brookwood were Plaintiff's single employer/ integrated enterprise during the events of this case.

11. BBH was Plaintiff's employer during the events of this case.

12. Brookwood was Plaintiff's employer during the events of this case.

13. Plaintiff suffers from trigeminal neuralgia and did so during the events of this case.

14. Trigeminal neuralgia is a chronic pain condition that affects the trigeminal nerve, which carries sensation from the face to the brain.

15. Plaintiff's trigeminal neuralgia causes her pain in her face and head, as well as migraine headaches that vary in effect and are at times completely debilitating.

16. Her condition was the same during the events of this case.

17. In or about June of 2018, Plaintiff was granted intermittent FMLA leave for flare-ups of her condition.

18. Plaintiff then took off work periodically for flare-ups for her condition.

19. In November of 2018, Plaintiff was employed as the Unit Associate in the 6th Floor Rehabilitation Unit.

20. Plaintiff did payroll, scheduling, and other administrative duties.

21. Plaintiff had been in the position since February of 2016.

22. On or about November 28, 2018, Plaintiff was called to meet with Amy Beard, the Chief Nursing Officer at the Medical Center, and Amelia Wiley, the Program Director over areas including Rehabilitation.

23. Beard said that she had to eliminate positions and that Plaintiff's position was one being eliminated.

24. Plaintiff was moved to a Mental Health Associate ("MHA") position in the Psychiatric Unit.

25. MHA is a clinical, base level position.

26. Plaintiff had never worked in a clinical position but had always worked in an administrative one.

27. Plaintiff's duties as MHA are much less desirable than her duties as Unit Associate and include lifting, bathing, cleaning, and observing patients.

28. Plaintiff has received fewer work hours each week and her income is less than when she was Unit Associate.

29. Leah Collins assumed Plaintiff's duties.

30. Upon information and belief, Collins was not disabled and did not receive FMLA leave.

31. Collins had previously worked at the front desk in Wound Care.

32. Collins had done some duties similar to what Plaintiff had done but not all that Plaintiff had done.

33. Collins had not done any duties that Plaintiff had not done.

34. Further, there are many more employees in Rehabilitation than there are in Wound Care.

35. Consequently, Plaintiff had a much larger volume of work than Collins did.

36. Plaintiff was more qualified to assume Collins' duties in Wound Care than Collins was to assume Plaintiff's in Rehabilitation.

### IV.  CAUSES OF ACTION

### COUNT I

### ADA

37. Paragraphs 1-36 are incorporated herein.

38. Plaintiff's trigeminal neuralgia constituted a mental and/or physical impairment under the ADA.

39.  Due to this impairment, Plaintiff was and is substantially limited with respect to the major life activity of the operation of her nervous system, as well as concentrating, thinking, communicating, interacting with others, and working during flare-ups.

40. Plaintiff was and is disabled under the ADA.

41.  Plaintiff was and is a qualified individual able to perform the essential functions of her position, with accommodation.

42. Defendants violated Plaintiff's rights under the ADA by transferring her to a lesser position (1) because of her disability, and/or (2) in retaliation for her request for an accommodation for her disability in the form of intermittent leave.

43. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendants to make Plaintiff whole by placing Plaintiff into the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, and ordering Defendants to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## FMLA

44. Paragraphs 1-36 above are incorporated by reference.

45. Defendants were covered employers under the FMLA during the course of events set forth above.

46. Plaintiff was an eligible employee under the FMLA during the course of events set forth above, to-wit:

(a) Plaintiff had been employed by Defendants for at least 12 months;

(b) Plaintiff had worked at least 1,250 hours in her service to Defendants; and

(c) Plaintiff was employed at a worksite where 50 or more employees were employed by Defendants.

47. During the course of events set forth above, Plaintiff's trigeminal neuralgia constituted a serious health condition under the FMLA in that it was a chronic

condition under 29 CFR §825.115(c) involving (i) treatment by a health care provider at least twice a year, (ii) continuation over an extended period of time (including recurring episodes of a single underlying condition), and (iii) episodic rather than continuing periods of incapacity.

48. Plaintiff exercised her rights under the FMLA in seeking and receiving intermittent leave for her condition.

49. Plaintiff's taking off work due to her condition as referenced above were FMLA-qualifying absences.

50. Defendant violated Plaintiff's rights under the FMLA by transferring her to a lesser position because Plaintiff had exercised her rights under the FMLA.

51. Defendants knew, or showed reckless disregard for whether, their act of transferring Plaintiff violated the FMLA.

52. Defendants acted in willful violation of the FMLA.

53. As a result of the above described unlawful acts, Plaintiff has been made to suffer lost wages.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions violated the FMLA;

(ii) That the Court enter an Order requiring Defendants to make Plaintiff whole by placing Plaintiff in the position she would have occupied in the absence of Defendants' violation of her FMLA rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, ordering Defendants to pay liquidated damages, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants from further violating Plaintiff's FMLA rights;

(iv) That the Court award such other available legal and equitable relief as is warranted, including, but not limited to, an award of costs and expenses, attorney's fees, and expert witness fees.

            Respectfully submitted,

            s/ Adam M. Porter
            Adam M. Porter
            Attorney for Plaintiff
            Adam M. Porter, LLC
            2301 Morris Avenue, Suite 102
            Birmingham, Alabama 35203
            Phone: (205) 322-8999
            Facsimile: (205) 402-4619
            Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

s/ Adam M. Porter<br>Attorney for Plaintiff

<u>Defendants' Addresses</u>:
BBH BMC, LLC
c/o CT Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104

Brookwood Baptist Health 1, LLC
c/o CT Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104